# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Glenn Kevin Hazley,                                  Case No. 24-cv-3428 (LMP/LIB)

                         Plaintiff,

v.                                              **REPORT AND RECOMMENDATION**

Hennepin Cty. Med. Ctr, official capacity;
Hennepin Cty. ADC, official capacity;
Classification Officer; Intake Nurse; D.
Hutchinsen, Head Sheriff; and Sergeant City
Hall,

                         Defendants.

---

Pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Cost, [Docket No. 2], and upon preservice review of Plaintiff's Complaint.

Plaintiff Glenn Kevin Hazley was an inmate of the Hennepin County Adult Detention Center in November 2020. (See Compl. [Docket No. 1]). During his incarceration, Plaintiff was placed in a cell with an inmate who, both Plaintiff and jail officials later came to learn, had COVID-19. (Id.). Jail officials "immediately removed" the other inmate from the cell upon learning that he had COVID-19, but it was too late for Plaintiff, who became infected. (Id.). As a result, alleges Plaintiff, he continues to suffer "extreme tiredness, shortness of breath, joint and muscle pain, anxiety, depression, [loss] of smell, [and] loss of taste." (Id. at 2). Plaintiff now seeks monetary damages from the Hennepin County Jail and various Hennepin County officials and employees for alleged violations to his civil rights. (Id.).

Because Plaintiff is a prisoner, his complaint is subject to preservice review pursuant to 28 U.S.C. § 1915A. <u>See</u> 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). In relevant part, § 1915A(b) provides as follows:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. <u>Aten v. Scottsdale Ins. Co.</u>, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." <u>Id.</u> at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. <u>See</u> <u>Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff's Complaint is not specific about what type of legal claim, precisely, he is seeking to present in this litigation, other than that the pleading seeks to assert an alleged "violation of civil rights." (Compl. [Docket No. 1] at 1) (emphasis removed). On the Civil Cover Sheet affixed to

Plaintiff's pleading, however, Plaintiff asserts that he is raising claims under the "8th Amendment" for "Cruel and Unusual Punishment/Conditions of Confinement." (Civil Cover Sheet [Docket No. 1-2]). The most reasonable interpretation of the pleading, then, is that Plaintiff is seeking to prosecute claims of constitutional violations pursuant to 42 U.S.C. § 1983.

But there are two problems with any claim that Plaintiff might seek to raise under § 1983. First, in order to be entitled to relief under § 1983, "a litigant must prove that the specific defendant being sued acted unlawfully himself or herself." See Washington v. Craane, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (citing Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")). Thus, for example, a litigant cannot sue a municipality or county under § 1983 solely on the basis that someone employed by the municipality or county acted unlawfully. See Rogers v. King, 885 F.3d 1118, 1122-23 (8th Cir. 2018).[1] Rather, a litigant seeking relief under § 1983 must establish that the municipality or county itself did something wrongful, such as the maintenance of an unlawful policy or custom. But Plaintiff alleges no such thing—in fact, Plaintiff alleges (vaguely) that correctional officers did not follow "procedures and protocols." (Compl. [Docket No. 1] at 9).

Plaintiff's lack of specificity regarding who did what is not only a problem with respect to any § 1983 claims brought against Hennepin County, but also with respect to the claims brought against the individual defendants. Of those individual defendants, only D. Hutchinsen—who is described by Plaintiff as the "Head Sheriff" of Hennepin County—is identified by name, but the sole allegation raised against Hutchinsen is that he "should have made sure his staff was trained

---

[1] Plaintiff cannot sue the Hennepin County Adult Detention Center at all—county jails simply are not legal entities amenable to suit. See De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst., 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam).

for pandemic exposure CDC guidelines." (Id. at 9). To be sure, a supervisory official can be liable under § 1983 due to a failure to train supervisees, see, e.g., Parrish v. Ball, 594 F.3d 993, 997-98 (8th Cir. 2010), but the allegation that the injury resulted from Hutchinsen's alleged failure to train is entirely conclusory.

        The second problem with the viability of Plaintiff's Complaint is that, even accepting each of his factual allegations as true (as the Court must at this stage of the case), Plaintiff has not established that his constitutional rights were violated. This Court believes that Plaintiff's claim is most fairly characterized as a claim that jail officials failed to protect him from a known harm and thereby violated his Fourteenth Amendment rights. See Schoelch v. Mitchell, 625 F.3d 1041, 1046 (8th Cir. 2010) (noting that failure-to-protect claims brought by persons who are a pretrial detainee at the time of the events at issue arise under the Fourteenth Amendment rather than the Eighth Amendment).[2] To succeed on such a failure-to-protect claim, however, Plaintiff must establish more than merely that something bad happened to him while he was in custody. See Tucker v. Evans, 276 F.3d 999, 1001 (8th Cir. 2002). Instead, Plaintiff ultimately must establish—and therefore must plausibly allege—that jail officials had demonstrated a "deliberate or callous indifference" to the inmate's safety. Tucker v. Evans, 276 F.3d 999, 1001 (8th Cir. 2002) (quotation omitted). Negligence, even gross negligence, is not enough. See Hart v. City of Little Rock, 432 F.3d 801, 805 (8th Cir. 2005). Nothing in the pleading, even giving Plaintiff every benefit of the doubt, permits a fair inference of deliberate indifference to inmate safety. Plaintiff does not allege, for example, that jail officials were aware that another inmate had COVID-19 and nevertheless refused to take preventative measures; indeed, Plaintiff acknowledges that jail

---

[2] Plaintiff does not appear to be presenting a claim that prison officials were deliberately indifferent to his medical needs after he contracted COVID-19. Although Plaintiff alleges that medical staff were not able to provide a remedy, he does not claim that medical staff turned a blind eye to his condition or were reckless in their conduct after he had become ill. See Leonard v. St. Charles Cnty. Police Dep't, 59 F.4th 355, 360 (8th Cir. 2023).

officials "immediately removed the inmate" from the cell upon learning about the infection. (Compl. [Docket No. 1] at 2). Indeed, in none of the materials submitted by Plaintiff to the Court (including the administrative grievances attached to the pleading) has Plaintiff ever specified what protocols or procedures should, in his view, have been put into place. That Plaintiff himself cannot identify such a procedure fairly reflects that jail officials cannot be said to be deliberately indifferent for having failed to implement that procedure.

Accordingly, Plaintiff has not pleaded a viable claim for relief under § 1983. No other claim for relief arising under federal law is obvious from the face of the pleading. To the extent that Plaintiff seeks relief under state law, he has not alleged that the Court would have original jurisdiction over such a claim, see 28 U.S.C. § 1332(a) (diversity of citizenship), and it would be inappropriate to exercise supplemental jurisdiction over any state-law claims were Plaintiff's federal-law claims to be dismissed, see Hervey v. County of Koochiching, 527 F.3d 711, 726-27 (8th Cir. 2008). It is therefore recommended that this matter be dismissed without prejudice pursuant to § 1915A(b) in its entirety. Plaintiff remains responsible for the remainder of the statutory filing fee in this matter, which must be paid in installments over time. See 28 U.S.C. § 1915(b). Officials at the facility where Plaintiff now resides should be apprised of that ongoing obligation.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b);

2. The application to proceed in forma pauperis of plaintiff Glenn Kevin Hazley, [Docket No. 2], be **DENIED**;

3.  Plaintiff be directed to pay the unpaid balance ($317.96) of the statutory filing fee for

    this action in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

4.  The Clerk of Court be directed to provide notice of this requirement to the authorities

    at the institution where Plaintiff is confined.


Dated: October 31, 2024                              s/Leo I. Brisbois
                                                     Hon. Leo I. Brisbois
                                                     United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District
Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate
judge's proposed finding and recommendations within 14 days after being served a copy" of the
Report and Recommendation. A party may respond to those objections within 14 days after being
served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must
comply with the word or line limits set forth in Local Rule 72.2(c).