UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GLENN KEVIN HAZLEY,

          Plaintiff,

v.

HENNEPIN CTY MED. CTR, official capacity; HENNEPIN CTY ADC, official capacity; CLASSIFICATION OFFICER; INTAKE NURSE; D. HUTCHINSEN,[1] Head Sheriff; and SEARGENT CITY HALL,

          Defendants.

Case No. 24-cv-3428 (LMP/LIB)

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the October 31, 2024 Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois, which recommends dismissing without prejudice Plaintiff Glenn Hazley's complaint brought under 42 U.S.C. § 1983 (ECF No. 1), and directing the institution where Hazley is incarcerated to collect and remit monthly payments from him for this action's filing fee in the manner set forth in 28 U.S.C. § 1915(b)(2). *See* ECF No. 7. No party has objected to the R&R, and the Court therefore reviews it for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

---

[1] It appears that Defendant Hutchinson's name is misspelled in the Complaint. (ECF No. 1.) As a result, the name is spelled incorrectly as "Hutchinsen" in the case caption.

As to the R&R's recommendation that the Court dismiss Hazley's complaint because it fails to state a viable claim for relief, the Court finds no clear error and thus will adopt the R&R's recommendation and dismiss the complaint.

However, the Court must modify the R&R's recommendation that the Court order the prison where Hazley resides to remit monthly payments from Hazley according to 28 U.S.C. § 1915(b)(2). After Magistrate Judge Brisbois issued his R&R, Hazley informed the Court that he is no longer imprisoned. *See* ECF No. 8. Thus, while Hazley remains responsible for the full amount of his outstanding filing fee,[2] *Domino v. Garland*, No. 20-cv-2583 (ECT/BRT), 2021 WL 1221188, at *1 (D. Minn. Apr. 1, 2021), the mechanisms described in § 1915(b)(2) are currently inapplicable. Accordingly, the Court notes that Hazley remains liable for the outstanding fee, and that § 1915(b)(2)'s payment provision "might . . . become applicable" if Hazley were incarcerated in the future. *Domino*, 2021 WL 1221188, at *1, n.4.

Based upon all the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (ECF No. 7) is **ADOPTED**;
2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**;
3. Plaintiff's In Forma Pauperis Application (ECF No. 2) is **DENIED**; and

/ / /

---

[2] The R&R indicates that $327.96 of Hazley's $350 filing fee remains outstanding. ECF No. 7 at 6. The docket for this matter also reflects that Hazley has not paid that outstanding amount as of the date of this order.

4. Plaintiff is ordered to pay the unpaid balance of this action's statutory filing fee.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 2, 2024 *s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge